Franz Johann MULLER, Plaintiff,

v.

David WACHTEL et al., Defendants.

No. 71 Civ. 5337.

United States District Court,
S. D. New York.

July 24, 1972.

Louis J. Lefkowitz, Atty. Gen., for defendants David Wachtel, Wilmer E. Wiedemann and the State of New York; Irving L. Rollins, Asst. Atty. Gen., New York City, of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendants Town Justice Arthur A. Reilly and the Town of Ulster; James W. Rodgers and Anson M. Keller, New York City, of counsel.

Weinsoff, Weinsoff & Weinsoff, Ellenville, N. Y., for plaintiff.

OPINION

MacMAHON, District Judge.

This is a civil rights action, brought under 42 U.S.C. §§ 1983, 1985 and 1986 and 28 U.S.C. § 1343, in which plaintiff seeks damages for conspiracy to violate, and for violation of, his rights to due process and to be free from unlawful arrest and malicious prosecution by the State of New York, New York State Police investigators David Wachtel and

Wilmer E. Wiedemann,* the New York State towns of Ulster and Rosendale, Ulster Town Justice Arthur A. Reilly, Rosendale Constable Robert Doyne, and Arthur F. Champion, a witness against plaintiff in the alleged malicious prosecution.

In companion motions, the State of New York, the Town of Ulster, and individual defendants Reilly, Wachtel and Wiedemann seek dismissal of the complaint as against them, pursuant to Rule 12(b) (1) (2) and (6), Fed.R.Civ.P., for lack of jurisdiction over the subject matter of the action or the person of the defendants and for failure to state a claim upon which relief may be granted, or, in the alternative, for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. Defendants State of New York and Reilly move for dismissal on the further ground that they are immune.

Plaintiff was arrested by defendants Wachtel, Wiedemann and Doyne on December 9, 1970 and charged with grand larceny of a bulldozer from a construction site in the Town of Ulster. He was arraigned before defendant Reilly, but a preliminary hearing was not held until June 2, 1971, allegedly because of the conspiracy plaintiff claims existed among the defendants. At the close of the preliminary hearing, plaintiff was held to answer on the charge before the grand jury, which subsequently returned a "no bill" against him. Plaintiff then instituted this action for violation of his civil rights and demanded $10,000,000 in compensatory and punitive damages.

We consider, first, the State of New York's motion to dismiss.

■■ The Eleventh Amendment prohibits a federal court from entertaining an action by a private citizen against a state unless the state waives its immunity. Missouri v. Fiske, 290 U.S. 18, 54 S.Ct. 18, 78 L.Ed. 145 (1933); Ex parte State of New York, 256 U.S. 490, 41 S. Ct. 588, 65 L.Ed. 1057 (1921). This immunity extends to suits against a state under the Civil Rights Act. Bennett v. California, 406 F.2d 36 (9th Cir.), cert. denied, 394 U.S. 966, 89 S.Ct. 1320, 22 L.Ed.2d 568 (1969). Since there is nothing in the case before us to indicate that New York State has waived its immunity, the action as against it must be dismissed.

■ By the same token, Justice Reilly, who, under common law, is immune from liability for acts performed within his judicial discretion, is also immune under the Civil Rights Act. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Since plaintiff makes no allegation that Justice Reilly committed any acts beyond his judicial discretion, the action must also be dismissed as against him.

■ Defendant Town of Ulster moves for dismissal on the ground that the complaint fails to state a claim against it upon which relief may be granted. The federal Civil Rights Act makes liable any "person" who, under color or state law, deprives someone of his civil rights. The law is clear that a municipal corporation, such as the Town of Ulster, is not a "person" within the meaning of the Civil Rights Act. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Spampinato v. City of New York, 311 F.2d 439 (2d Cir. 1962), cert. denied, 372 U.S. 980, 83 S. Ct. 1115, 10 L.Ed.2d 144 (1963). Therefore, the instant complaint does not state a claim against the Town of Ulster upon which relief can be granted, and it must be dismissed as to that defendant.

We turn, now, to the motions of defendants Wachtel and Wiedemann. Defendants move, first, for dismissal of the action for lack of subject matter jurisdiction on the ground that the complaint does not state a claim under the Civil Rights Act. 28 U.S.C. § 1343.

■ We reject defendants' jurisdictional objections since we find plaintiff's complaint sufficient under the Civil Rights Act. Plaintiff specifically alleges that defendants, under color of

* Sued herein as "William" E. Wiedemann.

state law, intentionally conspired to, and did, deprive him of his constitutional rights to due process and to be free from unlawful arrest and malicious prosecution by arresting him and instituting criminal proceedings against him for the crime of grand larceny maliciously and without probable cause. Consequently, defendants' motion to dismiss for lack of subject matter jurisdiction is denied.

■ Defendants next move, pursuant to Rule 56, Fed.R.Civ.P., for summary judgment based on their contention that they arrested plaintiff pursuant to a lawful warrant and charged him with the crime of grand larceny in good faith and upon sufficient probable cause. They claim that these common law defenses are applicable in an action under the Civil Rights Act and that since their existence is clear from the undisputed facts summary judgment is appropriate. We do not agree.

■ It is true that the Civil Rights Act should be read against the background of tort liability and that, therefore, defenses to tort actions at common law are applicable to violations under the Act. Pierson v. Ray, *supra*. However, in the present case, the asserted defenses are not clearly established by undisputed facts.

Defendants contend that the charge against plaintiff was based on the sworn information of Wachtel and supported by the statement of defendant Champion, whose reliability was established by the fact that he admitted participating in the theft of the bulldozer, and by the fact that the stolen bulldozer was found on plaintiff's property. Plaintiff, on the other hand, contends that the information was sworn to by both Wachtel and Wiedemann and that it was unfounded. He claims that defendants knew that Champion was not a reliable witness, since he made conflicting statements about his role in the alleged theft, and that defendants had conducted an investigation of plaintiff and discovered nothing incriminating. Plaintiff further claims that Wachtel had, on an earlier occasion, threatened "to get him" by involving him in a criminal prosecution.

■ These conflicting contentions reveal a basic dispute about the existence of probable cause. Manifestly, probable cause is an issue for the court when the underlying facts are established. Nesmith v. Alford, 318 F.2d 110 (5th Cir. 1963). However, in the present case, there is too much dispute or confusion about the facts for the question of probable cause to be determined without a fuller examination upon a trial.

There is a question, for example, about whether defendants had reason to consider Champion a reliable informant since his unsworn statement, which supported the information of December 9, 1970, and his sworn statement, which was substituted for the earlier one on December 16, 1970, contain significantly different descriptions of Champion's alleged role in the theft of the bulldozer. There is a question about whether defendants acted in good faith, which stems from plaintiff's assertion that Wachtel had previously threatened to involve him in a criminal prosecution and had been investigating him for some time in an attempt to do so, and defendants' counterassertion that they had not met plaintiff until the day they arrested him. There is confusion about whether the bulldozer alleged to have been found on plaintiff's property had in fact been identified as the stolen bulldozer by its owner before December 9, 1970.

These and other issues of fact must be resolved before the ultimate question of probable cause can be decided. If probable cause is found to be lacking, the further ultimate issue of whether defendants acted with malicious intent will also remain for the trier of fact. In view of all this, we consider summary judgment inappropriate and defendants' motion must be denied.

Accordingly, the motion to dismiss is granted with respect to defendants State of New York, Reilly and the Town of Ulster, and there being no just reason

for delay, the Clerk of the court is directed to enter judgment dismissing the action as to those defendants. The motions of defendants Wachtel and Wiedemann are denied in all respects.

So ordered.

