**James N. DURKIN and Mary A. Durkin, h/w individually and as parents and natural guardians of Shawn Durkin and Catherine Durkin, minors**

v.

**BRISTOL TOWNSHIP, Officer Hadzick, Officer Delaney, of the Bristol Township Police Department and other employees or agents of Bristol Township whose names are unknown to Plaintiffs.**

Civ. A. No. 80–0784.

United States District Court,
E. D. Pennsylvania.

Dec. 10, 1980.

Steven A. Cotlar, Doylestown, Pa., for plaintiffs.

Daniel J. Allan, Philadelphia, Pa., for Bristol Twp.

Wm. B. Moyer, Doylestown, Pa., for Hadzick & Delaney.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

### I.  *Introduction*

In this civil rights action, 42 U.S.C. § 1983, plaintiffs seek to recover damages for personal injuries and unnecessary legal costs which they sustained due to alleged police brutality and an unlawful arrest, citation, and detention.  Defendants have moved to dismiss the complaint.  For the reasons which follow, I will grant the motion in part without prejudice.

### II.  *Facts*

In the early morning of June 25, 1979, plaintiffs were riding in their family automobile in the Red Cedar section of Levittown, Pennsylvania.  Amended Complaint, ¶ VI.  They were en route to their home in another part of town.  *Id.* at ¶ VII.  Unfortunately, however, they were unable to drive out of this section, *id.*, for police barricades had been erected at all exits in order to contain rioting following a truckers' protest against the rising cost of gasoline.  After two unsuccessful attempts to leave Red Cedar, plaintiff Mary Durkin stopped the car at a barricaded exit and asked police officers for directions.  They allegedly responded by, *inter alia*, dragging her and her husband, plaintiff James Durkin, from the automobile, "placing" them in a police van, and driving them to Bristol township police headquarters where Mary Durkin was locked in a cell.[1]  *Id.* at ¶¶ VII–IX.  At police headquarters, defendants Hadzick and Delaney issued citations for disorderly conduct, and defendant Delaney allegedly assaulted Mary Durkin.  *Id.* at ¶ X–XI. The criminal charges against plaintiffs were subsequently dismissed at a hearing. *Id.* at ¶ XVII.

---

1.  Plaintiffs do not know the names of these "arresting" policemen.

2.  In ¶ VII, plaintiffs do aver that "police officers, who were acting as *agents*, servants or employees of Defendant Bristol Township and whose names are unknown to Plaintiff, dragged Mary Durkin from her vehicle and pushed her into a police van" (emphasis added).  Plaintiffs

### III.  *Discussion*

#### A.  *Defendant Bristol Township*

In their amended complaint, plaintiffs' cause of action against Bristol Township is articulated in ¶¶ XIX & XX.  Paragraph XIX states that Bristol Township officials had requested the assistance of police officers from other municipalities to assist the Bristol police in quelling the riot; but, the amended complaint further avers, the Bristol officials "fail[ed] to instruct said officers with regard to the [c]ivil [r]ights of persons in Plaintiffs' position and did further support or condone the actions of such officers with regard to Plaintiffs."  The amended complaint states no facts in support of this conclusory allegation.  Moreover, every alleged civil rights violation was apparently committed by Bristol Township police officers.  *See id.* at ¶¶ VII–XI.  *But cf.* note 2 *infra*.  Therefore, even assuming the truth of ¶ XIX, this claim must fail because plaintiffs have not demonstrated a causal connection between Bristol Township's alleged encouragement of unconstitutional actions by non–Bristol Township police officers and plaintiffs' constitutional injuries.  *See Turner v. Evers*, C.A. No. 80–0799, slip op. at 7 (E.D.Pa. Oct. 27, 1980). "The language of § 1983 requires a degree of causation as an element of individual liability . . . ."  *Sims v. Adams*, 537 F.2d 829, 831 (5th Cir. 1976).  *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 692, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978).  I will therefore grant defendant's motion to dismiss this claim without prejudice.[2]

Paragraph XX is also insufficient. It states that during the rioting "it was the official policy of Defendant Bristol Township to quell the alleged disturbances in any manner whatsoever without consideration for the safety or [c]ivil [r]ights of Plaintiffs

---

may be referring to non–Bristol Township police officers by use of the word, "agents."  *See* Deposition of Mary A. Durkin at 15 (plaintiffs were transported to Bristol police headquarters via Philadelphia police department van).  If so, the complaint should provide further facts to support such an ambiguous allegation.

or others in their position who were not participating in the disturbance." Defendant argues that this claim fails because "Bristol Township cannot be held liable for any violation of plaintiffs' constitutional rights on the theory of *respondeat superior.*" Memorandum of Law Supporting Defendant, Bristol Township's Motion for Summary Judgment at 1. Defendant's statement of law is correct. *Monell,* 436 U.S. at 691, 98 S.Ct. at 2036. But defendant has misconceived the basis of plaintiffs' claims, for plaintiff is rather attempting to plead that the "official policy [of Bristol Township was] the moving force of the constitutional violation . . . ." *Id.* at 694, 98 S.Ct. at 2037. Clearly a municipality can be held liable on such a claim. *Id.*

■ However, mere conclusory allegations are insufficient to meet the requirement of particularized fact pleading in civil rights cases. *See, e. g., Hall v. Pennsylvania State Police,* 570 F.2d 86, 89 (3d Cir. 1978); *Shirey v. Bensalem Twp.,* 501 F.Supp. 1138 at 1142 (E.D.Pa.1980); *Smith v. Ambrogio,* 456 F.Supp. 1130, 1137 (D.Conn.1978). This does not necessarily compel dismissal of the complaint, *but cf. Shirey, supra* (motion to dismiss granted), for civil rights actions should not be dismissed at the pleading stage "unless it appears to a certainty that plaintiffs are entitled to no relief under any state of the facts, which could be proved in support of their claims." *Escalera v. New York City Housing Authority,* 425 F.2d 853, 857 (2d Cir.), *cert. denied,* 400 U.S. 853, 91 S.Ct. 54, 27 L.Ed.2d 91 (1970). *See Owens v. Haas,* 601 F.2d 1242, 1247 (2d Cir.), *cert. denied,* 444 U.S. 980, 100 S.Ct. 483, 62 L.Ed.2d 407 (1979); *Helstoski v. Goldstein,* 552 F.2d 564 (3d Cir. 1977); *Rambo v. Hirsh,* C.A. No. 80–2555 (E.D.Pa. Nov. 6, 1980); *Coggins v.*

*Carpenter,* 468 F.Supp. 270 (E.D.Pa.1979). I will therefore permit plaintiffs to conduct discovery in order to determine if a case can be made for the conclusory allegations of ¶ XX. Plaintiffs will have forty–five (45) days to complete this discovery and, if appropriate, to amend their amended complaint in order to plead specific factual allegations.[3]

### B. *Defendants Delaney and Hadzick*

#### 1. *The citations for disorderly conduct*

■ Plaintiffs' cause of action against defendants Delaney and Hadzick is stated in the amended complaint at ¶ X: "[p]laintiffs were . . . given citations for disorderly conduct. Said citations were signed by Officer Delaney and Officer Hadzick . . . ." In order to prove an injury actionable under § 1983 plaintiffs must demonstrate that Delaney and Hadzick issued these citations knowing that probable cause was lacking. *See, e. g., Jennings v. Shuman,* 567 F.2d 1213, 1220 (3d Cir. 1977) ("An abuse of process is by definition a denial of procedural due process."); *Voytko v. Ramada Inn of Atlantic City,* 445 F.Supp. 315 (D.N.J.1978) (malicious prosecution); *Muller v. Wachtel,* 345 F.Supp. 160 (S.D.N.Y.1972) (unlawful arrest and malicious prosecution).

■ Both defendants have admitted they issued the citations without first ascertaining whether there was a factual basis for the charges. Deposition of Thomas Peter Hadzick at 10–11; Deposition of Richard Delaney at 18. Moreover, plaintiffs contend that there was in fact no probable cause for their arrest. Reply to Motion for Summary Judgment at 1–2. They have referred to Mary Durkin's deposition. *See* Deposition of Mary A. Durkin at 14. Although defendants argue that there was

---

3. In their Memorandum of Law Opposing Defendant Bristol Township's Motion for Summary Judgment at 1–3, plaintiffs do refer to the deposition of Richard Templeton, acting Bristol Township police chief, in support of their argument that Bristol's policy was reflected in the acts and omissions of those agents of the municipality who were in policy–making roles. This is a viable theory of § 1983. *See, e. g., Goss v. San Jacinto Junior College,* 588 F.2d 96

(5th Cir. 1979) (president of junior college); *Himmelbrand v. Harrison,* 484 F.Supp. 803 (W.D.Va.1980) (city manager) (citing cases). In light of this deposition plaintiffs may not need additional discovery. Nevertheless, the amended complaint does not set forth facts and specific allegations. *See supra.* Unless it is further amended this action must be dismissed. *See* cases cited *supra* at page 616.

probable cause, they have not relied on any "pleadings, depositions, answers to interrogatories, . . . admissions on file, [or] affidavits . . . ." Fed.R.Civ.P. 56(c).[4] There remains, then, a disputed material fact–was probable cause lacking.

Defendants argue that the makeshift emergency arrest and citation procedure was a reasonable response to the exigent circumstances created by the gas riots. This argument misses the mark. Although the issuance of citations without any information from the arresting officers may be permissible under some circumstances–an issue I need not presently decide–there remains the material question of whether Hadzick and Delaney knew that probable cause was lacking when they cited *these particular plaintiffs*. This issue is inappropriate for determination at the summary judgment stage of the proceedings because it primarily depends upon the defendants' states of mind. Consequently it should be left to the trier of fact. In any case, defendants have not appended to their summary judgment motion affidavits or other supporting material demonstrating that they did not know that probable cause was absent. I will therefore deny Hadzick and Delaney's joint motion for summary judgment.

#### 2. *Delaney's Assault of Mary Durkin*

Plaintiffs also allege that defendant Delaney assaulted Mary Durkin by "forcefully" throwing her across the room after her release from detention. Amended Complaint, ¶ XI. This caused injuries to all plaintiffs because Mary Durkin fell against her husband and children. *Id.* at ¶¶ XI–XII.

█ The use of excessive or unreasonable force by a police officer in the exercise of his authority is actionable under § 1983. *Howell v. Cataldi*, 464 F.2d 272 (3d Cir. 1972); *Hausman v. Tredinnick*, 432 F.Supp.

4. Defendants do argue that there was probable cause, Motion for Summary Judgment on Behalf of Defendants Hadzick and Delaney at 2–3, and in support they have appended a signed statement of Police Officer James J. Pregler.

1160 (E.D.Pa.1977). Plaintiffs claim that Delaney acted without justification, *see* Deposition of Mary A. Durkin at 21–23; defendants dispute this, *see* Deposition of Richard Delaney at 24. There is thus a controverted material fact–did Delaney assault and unlawfully touch Mary Durkin. Summary judgment is therefore inappropriate. I will deny defendant Delaney's motion to dismiss the allegations referring to this assault.

This "statement" is not in the proper form for purposes of Fed.R.Civ.P. 56 determination. Therefore I cannot rely on it to decide this motion.