**Clark F. MacKENZIE**

v.

**Byron L. ANSTINE.**

**Civ. A. No. 83–4837.**

United States District Court,
E.D. Pennsylvania.

Jan. 16, 1984.

Helen P. Pudlin, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., Terrence O'Donnell, Washington, D.C., for plaintiff.

John F. Stoviak, Dilworth, Paxson, Kalish & Kauffman, Philadelphia, Pa., for defendant.

**MEMORANDUM/ORDER**

LOUIS H. POLLAK, District Judge.

Plaintiff MacKenzie originally filed this matter in Maryland state court. *Mac-*

*Kenzie v. Anstine,* No. 83–L–843 (Md. Circuit Ct., Baltimore County, filed March 31, 1983). Defendant Anstine removed to the United States District Court for the District of Maryland. *MacKenzie v. Anstine,* Civil Action No. K–83–1591 (D.Md. filed May 11, 1983). By order dated September 29, 1983, Chief Judge Kaufman transferred this matter from the District of Maryland to this court. At that time, Judge Hannum had pending before him a matter involving the same transaction, *Anstine v. Mac-Kenzie,* Civil Action No. 83–4505 (E.D.Pa. filed September 16, 1983), and growing out of a Chapter 11 proceeding pending in the Bankruptcy Court for this District, *In Re: Dover Hunt Land Company,* Bky. No. 83–01521K (E.D.Pa. filed April 5, 1982). Defendant Anstine has now moved to refer No. 83–4837 to the Chief Judge for reassignment to Judge Hannum pursuant to E.D.Pa.R.Civ.P. 3(c)(2).

Local Rule 3(c)(2) provides that "the judge receiving the later case may refer the case to the Chief Judge for reassignment to the judge to whom the earlier related case is assigned. If the Chief Judge determines that the cases are related, he shall transfer the later case to the judge to whom the earlier case is assigned ...."

■ Mr. MacKenzie opposes such a reassignment, although he concedes that this matter and No. 83–4505 are related. Mr. MacKenzie first argues that this matter, and not No. 83–4505, is the "earlier case" within the meaning of Local Rule 3 because MacKenzie filed the Maryland complaint in No. 83–4837 before Dover Hunt Land Co. filed its complaint in No. 83–4505. For purposes of reassignment of related cases, however, the time of filing in this court controls, and not the time of filing of the original complaint. *See, e.g., Weiss v. Eastern College Athletic Conference,* 563 F.Supp. 192, 193 (E.D.Pa.1983).

■ Mr. MacKenzie next contends that I should not refer No. 83–4837 to Chief Judge Luongo for reassignment because, as he has argued in a motion to dismiss filed with Judge Hannum, diversity of citizenship—and hence federal jurisdiction—is lacking in No. 83–4505. Whether a motion to dismiss filed in a case pending before a colleague has merit is, of course, not up to me to determine. But, assuming *arguendo* that Judge Hannum concludes that Mr. MacKenzie is entitled to dismissal of No. 83–4505, Local Rule 3 nonetheless contemplates reassignment of this case to Judge Hannum. Local Rule 3 mandates assignment of a later related case to the judge who handled an earlier related case, even if the earlier case was terminated up to a year prior to the filing of the later case.

Mr. MacKenzie insists that the pendency before Judge Hannum of the allegedly jurisdictionally defective No. 83–4505 has already conferred on Mr. Anstine the inappropriate dividend of transfer of this case from the District of Maryland to the Eastern District of Pennsylvania.[1] Therefore,

---

1. The order of transfer—accompanied by a denial of motions for judgment on the pleadings, for dismissal on *forum non conveniens* grounds, and for change of venue to the Bankruptcy Court for this district—was entered on September 29, 1983, following a hearing. At the hearing, Chief Judge Kaufman discussed the factors entering into his decision to transfer the case:

    I think on balance, therefore, common sense dictates that this case go to the Eastern District of Pennsylvania under 1404(a), but not to the bankruptcy court in that district but to the district court.

    Now, there may be reasons in terms of availability of witnesses, witnesses who could be available to testify live in the District of Maryland and not in the Eastern District of

    Pennsylvania. If so, up to this point, plaintiff has not come forward so to indicate.

    The need to avoid multiple suits is certainly one factor to take into account. Wright and Miller go into this in Section 3854 at page 280 and page 281.

    Now, if I had any indication that the new suit in Pennsylvania was not instituted in good faith and was done on some kind of a subterfuge basis to help get the transfer accomplished as sought by defendant in this case, or if I were to hear something about witnesses not being available in the Eastern District of Pennsylvania, or if there are other facts or factors that I do not know about, that may well change my mind.

Mr. MacKenzie contends, Mr. Anstine should not gain the further reward of reassignment of this case from one judge of this court to another. *A priori*, there is no reason to give greater weight to Mr. MacKenzie's preference for keeping this case on my docket than to Mr. Anstine's preference for transferring this case to Judge Hannum's docket. Whether, as Mr. MacKenzie implies, the transfer of this case to this district was unwarranted is not an issue to be addressed before the "related case" question is resolved. If Chief Judge Luongo concludes that this case and No. 83–4505 are related within the meaning of Local Rule 3, and hence reassigns this case to Judge Hannum, Mr. MacKenzie will be free to present that issue to Judge Hannum. If Chief Judge Luongo concludes that this case and No. 83–4505 are not related, and hence determines that this case should remain on my docket, Mr. MacKenzie can ask me to consider the transfer issue.

For the foregoing reasons, defendant's motion is GRANTED. This case is referred to Chief Judge Luongo for reassignment pursuant to E.D.Pa.R.Civ.P. 3.

So my view at the moment with regard to transfer is tentative but I am leaning in the direction of such transfer ....

\* \* \* \* \* \*

... You did not bring this case. Mr. Cunningham's client, Mr. MacKenzie, brought the case. Your client, from what I have been told and I have heard nothing to the contrary, came down here to see Mr. MacKenzie. There were things that took place in Maryland. Your client did interest Mr. MacKenzie, a Marylander, in getting into all this.

MR. PARKER: I appreciate all that, Your Honor.

THE COURT: Now, Mr. MacKenzie gets into it and he claims he gets a guaranty from your client. He says, I want to sue him in Maryland, I do not want to have to go up to Pennsylvania.

Now, on that basis, it seems to me that it is a very close situation, and I would not be transferring if we did not have a prior bankruptcy, if we did not have a new suit.

Now, I had better ask Mr. Cunningham on this. Is there any basis for you to charge that that suit in Pennsylvania is a subterfuge?

MR. CUNNINGHAM: I have no knowledge that it is a subterfuge, Your Honor.

Notes of Testimony at 20–22, 32, *MacKenzie v. Anstine*, Civil Action No. K83–1591 (D.Md. Sept. 29, 1983).