**Thelma L. PALACE**

v.

**Robert DEAVER and Robert Smythe.**

No. 93–CV–3818.

United States District Court, E.D. Pennsylvania.

Dec. 3, 1993.

Joseph M. Gontram, McBride, Ruch & Gontram, Philadelphia, PA, for plaintiff.

William F. Holsten, II, Paola F. Tripodi, Holsten & White, Media, PA, for defendants.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

This civil rights case has been brought before the court by motion of the Defendants, Robert Deaver and Robert Smythe to dismiss the plaintiff's amended complaint with prejudice pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a cause of action under the Civil Rights Act, 42 U.S.C. §§ 1983, 1985(3) and 1986. For the reasons

delineated in the paragraphs which follow, the motion is granted in part and denied in part.

## I.  HISTORY OF THE CASE

According to the allegations set forth in the plaintiff's amended complaint, she was elected to the position of Tax Collector for the Borough of Darby, Pennsylvania in November, 1987 and subsequently re-elected to a four-year term in November, 1989.  At all relevant times, the defendants, Robert Deaver and Robert Smythe held the positions of Darby Borough Council President and Darby Borough Police Chief, respectively.  The complaint further avers that, beginning in January, 1992 and continuing through October, 1992, defendant Deaver, "in his position and capacity as President of Darby Borough Council," repeatedly engaged in a series of sexually discriminatory actions against Ms. Palace consisting primarily of sexually explicit and "vulgar comments," driving past her home "in an attempt to observe and spy upon her" and, on one occasion, "grabbing her, pulling her next to him and forcibly kissing her."  Although plaintiff reported these incidents to Police Chief Smythe, he purportedly only laughed, told her that Deaver was "horny" and suggested that she be "nice" to him or Deaver would "bury" her.

Thereafter, plaintiff contends, Smythe and Deaver instituted a campaign designed to malign and disparage her with the result that in May, 1992 she was admitted to the hospital with chest pains.  Ms. Palace subsequently resigned her position as tax collector in September, 1992 giving as the reason therefor the hostile work environment which the defendants had created for her.  She commenced the instant lawsuit on July 16, 1993 seeking compensatory and punitive damages for the deprivation of her civil, constitutional and statutory rights pursuant to 42 U.S.C. Sections 1983, 1985(3) and 1986 and for assault and battery.

## II.  DISCUSSION

By way of their pending motion to dismiss, the defendants submit that the plaintiff has failed to plead a cause of action against them under any of the above-referenced sections and that, as a consequence, this action should be dismissed in its entirety with prejudice. We cannot agree.

### A.  *Legal Principles Applicable to Rule 12(b)(6) Motions*

■  The law is well-settled that in ruling upon motions to dismiss for failure to state a claim upon which relief may be granted, the district courts must primarily consider the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case and exhibits attached to the complaint may also be taken into account.  *Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir.1990).  On a motion to dismiss for failure to state a claim, all allegations in the pleadings must be accepted as true and the plaintiff must be given the benefit of every favorable inference that can be drawn from those allegations.  *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3rd Cir.1991); *Markowitz v. Northeast Land Co.*, 906 F.2d 100, 103 (3rd Cir.1990).  A complaint is properly dismissed only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Ransom v. Marrazzo*, 848 F.2d 398, 401 (3rd Cir.1988).

■  Nevertheless, the Third Circuit has required complaints arising under federal civil rights statutes to be stated with greater particularity than is generally required under the liberal federal pleading rules in order to prevent frivolous civil rights suits.  *Frazier v. Southeastern Pennsylvania Transportation Authority*, 785 F.2d 65, 67 (3rd Cir. 1986); *Humphrey v. Court of Common Pleas of York County*, 640 F.Supp. 1239, 1243–1244 (M.D.Pa.1986).  In this Circuit, a plaintiff pursuing a cause of action under Title 42 U.S.C. §§ 1983 and/or 1985 must plead the facts giving rise to the claimed deprivation of civil liberties as well as the conduct of defendants alleged to have harmed the plaintiff with specificity and avoid vague and conclusory allegations in the complaint.  *Darr v. Wolfe*, 767 F.2d 79, 80 (3rd Cir.1985); *Dudosh v. City of Allentown*, 629 F.Supp. 849,

851 (E.D.Pa.1985); *Iseley v. Bucks County,* 549 F.Supp. 160, 168 (E.D.Pa.1982).

### B. *Plaintiff's Claims under 42 U.S.C. § 1983*

Under Section 1983 of the Civil Rights Act, Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ...

█ It has been said that the purpose of Section 1983 is to provide a civil action to protect persons against the misuse of power possessed by virtue of state law and made possible because the defendant was clothed with the authority of the state. *Signore v. City of McKeesport, PA,* 680 F.Supp. 200, 203 (W.D.Pa.1988). Although Section 1983 does not create a cause of action of itself and is not a tort statute, it does provide redress for certain violations of rights arising under the federal constitution or laws of the United States which are caused by persons acting under color of state law and tort principles may be relevant to its application. *Lee v. Gateway Institute & Clinic, Inc.,* 732 F.Supp. 572, 575 (W.D.Pa.1989). Thus, by the plain terms of § 1983, two—and only two—allegations are required in order to state a cognizable cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980); *Envirotech Sanitary Systems, Inc. v. Shoener,* 745 F.Supp. 271, 279–280 (M.D.Pa.1990).

█ Generally, action taken by a private individual may be under color of state law where there is significant state involvement in the action. *Lopez v. Department of Health Services,* 939 F.2d 881, 883 (9th Cir. 1991). To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the state is responsible and the party charged with the deprivation must be a person who may fairly be said to be a state actor. *West v. Atkins,* 487 U.S. 42, 49, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988), quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982).

█ Finally, the plaintiff must also prove the existence of purposeful discrimination to prevail in a § 1983 action. That is, she must demonstrate that she received different treatment from that received by other similarly situated individuals and that that disparate treatment was based upon her gender. *Andrews v. City of Philadelphia,* 895 F.2d 1469, 1478 (3rd Cir.1990); *Long v. Board of Education of City of Philadelphia,* 812 F.Supp. 525, 533 (E.D.Pa.1993).

█ Applying all of the preceding principles to the complaint in the case at bar and accepting as true all of the averments contained therein, we find that although plaintiff's complaint is rather disorganized, it nevertheless suffices to state a claim upon which relief may be granted under Section 1983. In this regard, we read paragraphs 1, 13, 18, 19 and 24 together and can infer that Ms. Palace essentially contends that defendant Deaver deprived her of her rights to equal protection and due process of law by allegedly discriminating and harassing her on the basis of her sex and interfering with her ability to perform her job as tax collector by creating a hostile and intolerable work environment.

We likewise read paragraphs 6, 7, 9, 11, 13 and 24 of the amended complaint together and find that given the averments that Deaver was at all relevant times a member and President of Darby Borough Council, he was sufficiently cloaked with authority from Borough Council as to justify an inference that he was acting under color of state authority when he undertook the actions alleged in the amended complaint. Accordingly, the defendants' motion to dismiss is denied as to the § 1983 claims.

### C. Plaintiff's Claims under Section 1985(3)

Section 1985(3) was passed by the Reconstruction-era Congress in order to provide a cause of action against participants in private conspiracies to deprive others of legal rights. *Volunteer Medical Clinic, Inc. v. Operation Rescue,* 948 F.2d 218, 223 (6th Cir.1991) citing *Griffin v. Breckenridge,* 403 U.S. 88, 101, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971). That section states:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protections of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation against any one or more of the conspirators.

The elements of a cause of action under section 1985(3) are (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Brotherhood of Carpenters & Joiners of America, Local 610 v. Scott,* 463 U.S. 825, 828–829, 103 S.Ct. 3352, 3356, 77 L.Ed.2d 1049 (1983); *Lucero v. Operation Rescue of Birmingham,* 954 F.2d 624, 627 (11th Cir.1992). More specifically, the second element requires a showing of some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Id.* at 628. Such discriminatory purpose is not presumed; intentional discrimination must be clearly shown. *deBotton v. Marple Township,* 689 F.Supp. 477, 482 (E.D.Pa.1988). That women constitute a cognizable class under § 1985(3) is now generally well recognized. *Volunteer Medical Clinic, supra,* at 224, citing, *inter alia, Carchman v. Korman Corp.,* 594 F.2d 354, 356 (3rd Cir.), *cert. denied,* 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979); *Roe v. Operation Rescue,* 710 F.Supp. 577, 581 (E.D.Pa.1989), *reversed in part on other grounds,* 919 F.2d 857 (3rd Cir.1990).

Instantly, we find that while the plaintiff's complaint sufficiently alleges three out of the four elements necessary to state a claim under § 1985(3), it fails to make clear the "whys" and "wherefores" behind the alleged conspiracy in that it avers only in vague and conclusory manner that the defendants "agreed and conspired between themselves and possibly others, to violate the civil, Constitutional and statutory rights of plaintiff and to deny her the equal protection of the laws and due process." However, in view of the federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities, which policy requires that a plaintiff be given every opportunity to cure a formal defect in his or her pleading, Ms. Palace shall be given the opportunity to correct the above-referenced deficiencies by filing a second and final amended complaint within twenty days of the entry date of this Memorandum and Order. *See:* 5A Wright & Miller, *Federal Practice and Procedure: Civil 2d* § 1357, 361–364 (1990).

### D. Plaintiff's § 1986 Cause of Action

Section 1986, in turn states, in pertinent part:

Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action ...

 Inasmuch as section 1986 creates a right of action for failure to prevent a wrong mentioned in section 1985, a viable claim under 42 U.S.C. § 1986 takes as its predicate the allegation of facts sufficient to support a claim under section 1985. *Guillory v. St. Landry Parish Police Jury,* 802 F.2d 822, 825 (5th Cir.1986), *cert. denied,* 482 U.S. 916, 107 S.Ct. 3190, 96 L.Ed.2d 678 (1987); *Howard v. Pine Forge Academy,* 678 F.Supp. 1120, 1125 (E.D.Pa.1987); *Silo v. City of Philadelphia,* 593 F.Supp. 870, 874 (E.D.Pa. 1984). In view of plaintiff's failure to state a cause of action under section 1985, we are likewise compelled to grant the defendants' motion with respect to her claim under § 1986. Leave to replead this claim in a separate count will also be given.

E. *Plaintiff's State Law Claim for Assault and Battery*

Finally, defendants submit that plaintiff's state law claim be dismissed as well because she has stated no federal cause of action against them. In light of our previous rulings, this court shall retain supplemental jurisdiction of Count II of the amended complaint charging the defendant Robert Deaver with the common law tort of assault and battery. *See:* 28 U.S.C. § 1367(a); *Roe v. Operation Rescue, Inc.,* 919 F.2d 857, 867 (3rd Cir.1990).

## ORDER

AND NOW, this 3rd day of December, 1993, upon consideration of Defendants' Motion to Dismiss the Plaintiff's Amended Complaint, it is hereby ORDERED that the Motion is GRANTED IN PART and DENIED IN PART and Plaintiff's claims under 42 U.S.C. §§ 1985(3) and 1986 are DISMISSED with leave to file a second and final amended complaint within twenty (20) days of the filing date of this Memorandum and Order.