Kenneth DARR, Appellant,

v.

Robert L. WOLFE, individually and in his official capacity as Judge in Warren, Pennsylvania, Prudential Insurance Company, of America individually and as co-conspirator, Jean Barr, individually and as co-conspirator, Cheryl VanTassel, individually and as co-conspirator, and Michael W. VanTassel, individually and as co-conspirator.

No. 85–3056.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) July 9, 1985.

Decided July 22, 1985.

Kenneth Darr, pro se.

Before SEITZ, HUNTER and MARIS, Circuit Judges.

## OPINION OF THE COURT

MARIS, Circuit Judge.

In this civil rights action under 42 U.S.C. § 1983 the plaintiff, a prisoner confined in the state correctional institution at Huntingdon, alleges a conspiracy by defendants, Jean Barr, Cheryl VanTassel and Michael W. VanTassel (herein referred to as the individual defendants) with defendant Robert L. Wolfe, a Common Pleas judge in Warren, Pennsylvania, to deprive him of the custody and guardianship of his two children, a liberty interest to which he is entitled under the Fourteenth Amendment. Further, he asserts that his mother and sister have been denied the right to visit the children. And finally he alleges that the defendant, Prudential Insurance Company, unlawfully paid the proceeds of a $10,000 insurance policy on the life of his deceased wife to the VanTassel defendants who converted the money to their own use. He seeks a declaratory judgment and money damages. The district court dismissed the complaint, without its having been served on the defendants, on the ground that Judge Wolfe was immune from suit, that private citizens cannot be sued under § 1983 for nonstate-related activities and that an "alleged conspiracy of private citizens with immune state official bars an action against the private citizens." Thereupon the plaintiff took the appeal now before us.

The complaint was properly dismissed as to Judge Wolfe on the ground of judicial immunity. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967). Likewise, it was properly dismissed as to the Prudential Insurance Company since that defendant could not be sued under § 1983 for a nonstate-related activity, the alleged wrongful payment to Michael and Cheryl VanTassel of the proceeds of the insurance policy on the life of plaintiff's deceased wife. The district court went further, however, and dismissed the complaint as to Barr and the VanTassels also, on the ground that an alleged conspiracy of private citizens with an immune state official bars an action against the private citizens under § 1983. In doing so the district court erred.

It is true, of course, that a wrongful act, to be actionable under § 1983, must have been committed "under color of state law." But, as the Supreme Court pointed out in *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980), private persons jointly engaged with an immune state official in the challenged action are themselves acting under color of state law for the purposes of a § 1983 action. Here, as in the *Dennis* case, the judicial action of the immune judge, the granting of custody of the plaintiff's children to the VanTassels and guardianship of them to Michael VanTassel, was alleged to be the product of a conspiracy on the part of the individual defendants and the judge. But, said the Supreme Court, "it is of no consequence in this respect that the judge himself is immune from damages liability. Immunity does not change the character of the judge's action or that of his co-conspirators." 449 U.S. at p. 28, 101 S.Ct. at p. 186.

A question remains, however, as to whether the allegations of the complaint concerning the existence of a conspiracy and Judge Wolfe's involvement in it are sufficiently specific to withstand dismissal of the complaint. For it is settled in this circuit that a civil rights complaint under § 1983 must set forth with factual specificity the conduct of defendants alleged to have harmed the plaintiff. *Ross v. Meagan*, 638 F.2d 646, 650 (3d Cir.1981); *Rotolo v. Borough of Charleroi*, 532 F.2d 920, 922 (3d Cir.1976); *Kauffman v. Moss*, 420 F.2d 1270, 1275–1276 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970);

 

*Negrich v. Hohn,* 379 F.2d 213, 215 (3d Cir.1967). Moreover, allegations against a judge supplying the necessary state action in a civil rights suit under § 1983 should be especially specific in order that purely private action may not be converted into state action merely by including the judge as a defendant in the action.

■ Turning to the complaint in this case, we find it wholly lacking in specific facts to support its conclusory claim that the individual defendants conspired with Judge Wolfe to deprive the plaintiff of the custody and guardianship of his children, the constitutional liberty of which he alleges he has been deprived by the conspirators. The complaint as it stands is therefore dismissable as to the individual defendants on this ground. However, this court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion. *Ross v. Meagan,* 638 F.2d 646, 650 (3d Cir.1981); *Rotolo v. Borough of Charleroi,* 532 F.2d 920, 923 (3d Cir.1976); *Kauffman v. Moss,* 420 F.2d 1270, 1275–1276 (3d Cir.), *cert. denied,* 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

■ Here the plaintiff was afforded no such opportunity since the complaint was not dismissed as to the individual defendants for lack of specificity but rather on the erroneous ground that they were not suable because of Judge Wolfe's immunity from suit. Under the circumstances, we think that the plaintiff should be given the opportunity to amend his complaint so as to provide, if he can, the missing factual specificity. To this end, we will vacate the judgment as to the individual defendants and remand the cause to the district court in order that the complaint may be served on those defendants and the plaintiff afforded a reasonable time, to be fixed by the district court, in which to file an amended complaint, if he desires to do so, setting forth specific factual allegations supporting his conspiracy claim.

The judgment as to defendants, Jean Barr, Cheryl VanTassel and Michael W. VanTassel, will be vacated and the cause remanded for further proceedings not inconsistent with this opinion. The judgment as to Robert L. Wolfe and the Prudential Insurance Company will be affirmed.