David T. HUMPHREY, Bryan A. Humphrey, and Elizabeth A. Humphrey, by their father and next friend, Plaintiffs,

v.

The COURT OF COMMON PLEAS OF YORK COUNTY, PENNSYLVANIA, All of its Judges, Masters, or other Judicial Officers, however described, The York County Bar Assoc., and Herman A. Gailey, III, Esquire, Defendants.

Civ. A. No. 86–0635.

United States District Court, M.D. Pennsylvania.

Aug. 8, 1986.

David T. Humphrey, pro se.

Uhler & Dorney, John C. Uhler, York, Pa., for The York County Bar Assn.

John J. Sylvanus, York, Pa., for Herman A. Gailey, III.

David R. Weyl, Administrative office of Penna. Courts, Philadelphia, Pa., for York County Court.

## MEMORANDUM

CALDWELL, District Judge.

### I. *Introduction and Background.*

There is currently pending in this action three separate motions to dismiss plaintiffs' *pro se* complaint which was brought, in part, under 42 U.S.C. §§ 1983, 1985, 1986 and 1988.

Plaintiffs are David T. Humphrey (Humphrey) and his minor children, Bryan A. Humphrey and Elizabeth A. Humphrey. Defendants are the Court of Common Pleas of York County, Pennsylvania, including all of its judges, masters or other judicial officers (the judicial defendants), Herman A. Gailey, III, Esq., an attorney who practices before the county court, and the York County Bar Association.

The *pro se* complaint is vaguely worded but we believe that the following allegations may fairly be gleaned from it. Humphrey retained defendant Gailey to represent him in his custody dispute with his wife over the two minor plaintiffs. Gailey, however, refused to pursue all of Humphrey's legal rights because he had acquiesced in a policy adopted by the judicial defendants which precluded an award of equal physical custody. The judicial defendants had instructed all lawyers practicing within the county not to present or argue any custodial arrangement which the judicial defendants showed "by example and public pronouncement" not to be acceptable to the court, including equal physical custody. Gailey also, allegedly, improperly ended their contractual relationship by obtaining leave of court, acting through Judge Erb, to withdraw as Humphrey's counsel in the state court custody proceedings. Plaintiffs allege that Gailey ended the professional relationship because he did not want to pursue all of Humphrey's rights under state law. Plaintiffs also allege that the court was without jurisdiction to void the contract. The defendant bar association is alleged to be aware of the court's policy but has allowed it to continue even though it is in a position to cure the violation. The defendants are charged with knowledge of each other's actions and to have engaged in a conspiracy to deny plaintiffs their federal constitutional rights and rights under state law. Plaintiffs claim that they have been deprived of their right to be heard by an impartial court and have been deprived of each other's love, affection and companionship. There is also a pendent state claim against Gailey for malpractice. Plaintiffs seek compensatory and punitive damages.

### II. *Discussion*

We note that we may only grant a motion to dismiss if plaintiffs can prove no set of facts that would entitle them to relief. *See District Council 47 v. Bradley,* 795 F.2d 310 (3d Cir.1986). We will also bear in mind that a civil rights complaint must set forth with factual specificity the conduct of defendants alleged to have harmed the plaintiffs. *See Darr v. Wolfe,* 767 F.2d 79 (3d Cir.1985).

### A. *The Motion to Dismiss of the Judicial Defendants.*

■ The judicial defendants request dismissal based upon the doctrine of judicial immunity. Judges may not be sued for actions taken in their judicial capacities unless there is a clear absence of jurisdiction. This is true even if the conduct is in excess of their jurisdiction and done maliciously or corruptly. *Stump v. Sparkman,* 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Plaintiffs acknowledge this doctrine but assert that the action of the judicial defendants falls outside its protection. As noted previously, the plaintiffs complain that the judicial defendants notified attorneys practicing in York County not to argue equal physical custody in custody matters arising in the county. Plaintiffs assert that this conduct was legislative in nature, resulting in the implicit creation of a local law which was contrary to Pennsylvania law on the issue of joint physical custody. Hence, there was a clear absence of jurisdiction and the judicial defendants are not immune.

The court in *Lopez v. Vanderwater*, 620 F.2d 1229 (7th Cir.), *cert. dismissed*, 449 U.S. 1028, 101 S.Ct. 601, 66 L.Ed.2d 491 (1980), interpreted *Stump* as providing the following test for determining when judicial immunity applies: (1) the act complained of must not have been taken in the clear absence of jurisdiction, and (2) the act must be a "judicial act." *Id.* at 1233. In turn, the act is a judicial one if (1) it is a function normally performed by a judge and (2) the aggrieved party has dealt with the judge in his judicial capacity.

Plaintiffs could argue that this test is not satisfied here because they are complaining of the establishment of a general substantive policy outside the context of individual litigation. Judges do not have jurisdiction to create substantive law in that fashion. Additionally, this is not a function normally performed by a court nor did the plaintiffs deal with the court in its judicial capacity, since the promulgation of this policy occurred before adjudication of plaintiffs' custody matter.

We believe, however, to accept plaintiffs' contention would severely weaken the doctrine of judicial immunity. Under plaintiffs' argument, to avoid the doctrine, all a plaintiff need do is allege an establishment of a policy on the part of a court or judge, unarticulated and created more from custom or habit, which is contrary to the substantive law, and plaintiff has accordingly complained of an act not normally performed by a judge. Judicial immunity should not be so lightly cast aside,[1] considering its important purpose:

> The purpose of the doctrine is to benefit the public, "whose interest it is that the judges should be at liberty to exercise their functions with independence and

without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967). The Supreme Court has recognized that "the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus." *Butz v. Economou*, 438 U.S. 478, 512, 98 S.Ct. 2894, 2913, 57 L.Ed.2d 895 (1978) (citing *Pierson*, 386 U.S. at 554, 87 S.Ct. at 1218). Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.

*Van Sickle v. Holloway*, 791 F.2d 1431, 1434–35 (10th Cir.1986).

Plaintiffs' argument that defendants acted legislatively is simply, in substance, an assertion that the defendants are biased when they dispose of custody matters with the result that some litigants do not receive a fair adjudication in their particular cases. In this instance, Humphrey was the allegedly aggrieved litigant. The claim therefore arises from the disposition of plaintiffs' custody action. Hence, the judicial defendants were not acting in the clear absence of jurisdiction, *see Darr v. Wolfe, supra,* even if they were biased in handling the matter, *see Lopez v. Vanderwater, supra,* and the suit against them is barred. The judicial defendants will be dismissed from this action.[2]

B. *Defendant Gailey's Motion to Dismiss.*

 Gailey argues that the § 1983 claim against him must be dismissed because his actions as an attorney privately employed by Humphrey were not performed under color of state law, one of the prerequisites for liability under that sec-

---

**1.** In any event, accepting plaintiffs' contention would also be fatal to their claim. Plaintiffs must allege a causal connection between their claimed injuries and defendants' conduct, *see Estate of Bailey v. County of York*, 768 F.2d 503 (3d Cir.1985), and the mere establishment of a policy would not injure plaintiffs. It is only when that policy was brought to bear on the plaintiffs' interests through the custody adjudication that the claimed injuries arose.

**2.** This applies to the "masters" and other "judicial officers" named in the complaint since all of their actions would have been taken in a judicial capacity. *See Raitport v. Provident National Bank*, 451 F.Supp. 522 (E.D.Pa.1978). It also applies to all the separate statutory claims, 42 U.S.C. §§ 1983, 1985, 1986 and 1988. *See Ross v. Meagan*, 638 F.2d 646, 649 n. 2 (3d Cir.1981).

tion. *See Kaufman v. McCrory Stores,* 613 F.Supp. 1179 (M.D.Pa.1985), *aff'd mem.,* 792 F.2d 138 (3d Cir.1986), *petition for cert. filed,* 54 U.S.L.W. 3811 (U.S. May 27, 1986) (No. 85–1947). We agree with defendant that a private attorney does not act under color of state law while representing a client. *See Black v. Bayer,* 672 F.2d 309 (3d Cir.), *cert. denied,* 459 U.S. 916, 103 S.Ct. 230, 74 L.Ed.2d 182 (1982), and cases cited therein. But an otherwise private person does act under color of state law when engaged in a conspiracy with state officials to deprive another of federal rights. *See Tower v. Glover,* 467 U.S. 914, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984); *Darr v. Wolfe supra.* Accordingly, plaintiffs' assertion that the defendant conspired with the judicial officers of the court of common pleas to refuse to present a request for joint physical custody, in effect denying plaintiffs due process of law, states a valid claim under section 1983.

Gailey also argues that the complaint fails to make a claim under section 1985 because that section is directed at invidious discrimination against suspect classes. Plaintiffs have not specified which subsections of section 1985 they are relying upon but the only provisions of that section relevant to the case at bar are directed toward "equal protection of the laws," and hence require a showing of class-based, invidiously discriminatory animus. *See Miller v. Indiana Hospital,* 562 F.Supp. 1259 (W.D. Pa.1983). Plaintiffs acknowledge this and assert that defendants' animus is against a class consisting of divorcing fathers, divorced fathers or fathers engaged in custody disputes.

■ Section 1985 protects persons who are members of a class identified by "immutable characteristics" for which they bear no responsibility and who have suffered historically pervasive discrimination. *Carchman v. Korman Corp.,* 594 F.2d 354 (3d Cir.) (citing *Novotny v. Great American Federal Savings & Loan Association,* 584 F.2d 1235 (3d Cir.1978) (en banc), *vacated on other grounds,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) ), *cert.* denied, 444 U.S. 898, 100 S.Ct. 205, 62 L.Ed.2d 133 (1979). Plaintiffs' purported class fails to satisfy either of these criteria. Divorce is not an immutable characteristic for which a person bears no responsibility nor have divorcing or divorced fathers, or fathers engaged in custody disputes, suffered from pervasive discrimination. The section 1985 claim must be dismissed.

■ Gailey next argues that, without a section 1985 violation, the section 1986 claim must fail. "Because transgressions of § 1986 by definition depend on a preexisting violation of § 1985, if the claimant does not set forth a cause of action under the latter, its claim under the former necessarily must fail." *Rogin v. Bensalem Township,* 616 F.2d 680, 696 (3d Cir.1980) (footnote omitted), *cert. denied sub. nom., Mark Garner Associates, Inc. v. Bensalem Township,* 450 U.S. 1029, 101 S.Ct. 1737, 68 L.Ed.2d 223 (1981); *Silo v. City of Philadelphia,* 593 F.Supp. 870 (E.D.Pa.1984). Accordingly, the section 1986 claim must be dismissed.

■ Gailey also attacks the section 1988 claim, arguing that it creates no substantive cause of action in itself and plaintiffs have otherwise failed to fulfill the requirements of the section. "Section 1988 provides for the adoption of state law in civil rights cases when laws of the United States are not suitable for the vindication of civil rights in so far as such laws are not inconsistent with the constitution and laws of the United States." *Downs v. Department of Public Welfare,* 368 F.Supp. 454, 460 (E.D.Pa.1973). In the instant case, plaintiffs have merely cited the statutory section without attempting to tie in any particular state law. The claim must therefore be dismissed but leave to amend will be granted if plaintiffs believe that an appropriate state cause of action, not inconsistent with federal law, can be pleaded under the section.

■ Gailey next contends that plaintiffs have failed to plead the elements of a conspiracy with factual specificity. As noted previously, a higher standard of factual

specificity applies to a civil rights complaint. As stated by the Third Circuit Court of Appeals in *District Council 47, supra:*

> a substantial number of these cases are frivolous or should be litigated in the State courts; they all cause defendants— public officials, policemen and citizens alike—considerable expense, vexation and perhaps unfounded notoriety. It is an important public policy to weed out the frivolous and insubstantial cases at an early stage in the litigation, and still keep the doors of the federal courts open to legitimate claims.

*Id.,* At 313 (quoting *United States v. City of Philadelphia,* 644 F.2d 187, 204 (3d Cir. 1980).

▇ The instant complaint is wholly lacking in any specific allegations concerning the purported conspiracy. Plaintiffs should set forth, to the best of their ability, the actions of the defendants committed in creating and furthering the conspiracy, including times and places of meetings and the general role of each conspirator. *See Darr, supra.*[3] A suggestion that discovery will cure any defects in the complaint does not overcome this requirement. *See Hark v. School District of Philadelphia,* 505 F.Supp. 727 (E.D.Pa.1980).

### C. *The Defendant Bar Association's Motion to Dismiss.*

The Bar Association echoes many of the objections raised by Gailey. For the reasons set forth above, all claims based upon sections 1985 and 1986 are dismissed with prejudice, but plaintiffs will be permitted to amend their section 1983 claim to set forth the factual background of their conspiracy claim. Plaintiffs will also be given leave to attempt to set forth a proper section 1988 claim.

▇ The third cause of action does set forth a specific claim against the bar association. That claim, however, must fail as a matter of law. It alleges that the defendant is aware of the policy imposed by the York County Court but has allowed it to continue even though it is in a position to cure the violation of law. Mere indifference to a plaintiffs' problems does not give rise to a civil rights claim. *See Balliet v. Whitmire,* 626 F.Supp. 219, 229 n. 10 (M.D. Pa.1986).

The third cause of action is based upon plaintiff's misperception that the county bar association licenses its members and can discipline them. Thus, it is claimed that the association owes a duty to litigants to police its membership. As a matter of law, the York County Bar Association has no such power. That resides with the state Supreme Court and the Disciplinary Board of the Supreme Court of Pennsylvania. This claim will be dismissed with prejudice.

While granting plaintiffs leave to amend, we will advise Humphrey that, if eventually it is determined, he cannot allege meritorious claims, sanctions in the form of the costs incurred by defendants in defending this action may be imposed upon him. Those costs may include reasonable attorney's fees. Fed.R.Civ.P. 11 confers upon us the authority to do so. It provides, in pertinent part, as follows:

> A party who is not represented by an attorney shall sign his pleading, motion, or other paper and state his address.... The signature of any attorney or party constitutes a certificate by him that he has read the pleading, motion, or other paper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed

---

**3.** We reject Gailey's remaining grounds for dismissal as being without merit but will reserve a decision on a question indirectly raised by Gailey's abstention argument—whether claims based upon Gailey's withdrawal as counsel should be stayed pending the outcome of Humphrey's appeal to the Pennsylvania Superior Court.

in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

We will issue an appropriate order.[4]

### ORDER

AND NOW, this 8th day of August, 1986, upon consideration of all of the defendants' motions to dismiss, it is ordered that:

1. This action is dismissed with prejudice against the Court of Common Pleas of York County, Pennsylvania, its Judges and all others acting as judicial officers in custody matters.

2. All claims under 42 U.S.C. §§ 1985 and 1986 are dismissed with prejudice.

3. The claim against the defendant, York County Bar Association, set forth in the complaint's third cause of action, is dismissed with prejudice.

4. Plaintiffs are hereby given leave to file an amended complaint setting forth the factual basis of their conspiracy claim under section 1983 against defendants Gailey and the bar association as well as a claim pursuant to section 1988 and the pendent state claims.

5. The amended complaint shall be filed within twenty (20) days of the date of this order. If plaintiffs fail to do so, defendants may move for dismissal of this action or the court may do so on its own motion.

6. Plaintiff, David T. Humphrey, is advised that, if eventually it is determined, he cannot set forth meritorious claims, sanctions pursuant to Fed.R. Civ.P. 11 may be imposed upon him.

7. Plaintiffs' motion for mandatory withdrawal of the judicial defendants' attorneys is denied.

---

4. We reject defendant's remaining contentions. We also note that plaintiffs filed a motion for mandatory withdrawal of the judicial defendants' attorneys. No brief was filed in support of the motion. In accordance with local rule 401.5 it will be denied.