42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Orien BUCHANAN, Plaintiff-Appellant,
v.
Suzanne Lee BUCHANAN; Thomas A. Gish; Douglas Breck Marsh;
Lester H. Stewart, et al., Defendants-Appellees.
 No. 93-36051.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1994.*
Decided Dec. 6, 1994.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Orien Buchanan, an Oklahoma resident, appeals pro se the district court's sua sponte dismissal of his 42 U.S.C. Secs. 1983, 1985 and 1986 actions.
 
 
 3
 * On August 24, 1993, Buchanan filed a complaint, alleging that the defendants[1] violated his constitutional and statutory rights during his state divorce and child custody proceedings.
 
 
 4
 On August 27, 1993, the district court entered a minute order, directing Buchanan to show cause as to why his claims against the various judges and commissioners of the Snohomish County Superior Court and Susan Bruland should not be dismissed on the ground of absolute immunity. Further, the court instructed the defendant to show cause as to why his claims against the remaining defendants should not be dismissed for lack of subject matter jurisdiction. The district court noted that federal jurisdiction does not generally include domestic relations matters.
 
 
 5
 On September 24, 1993, Buchanan filed a response to the show cause order stating, in short, that: (1) the complaint was filed in good faith; (2) the complaint does not concern a domestic relations matter; (3) the judges, commissioners and Bruland are not entitled to absolute immunity; and (4) the district court has jurisdiction to consider his complaint.
 
 
 6
 By minute order entered on September 30, 1993, the district court sua sponte dismissed Buchanan's complaint. Buchanan's Sec. 1983 claims against the various Judges and Commissioners of the Snohomish County Superior Court were dismissed because adequate remedies exist under state law. Any additional claims against these individuals were dismissed on the ground of absolute immunity. The district court also dismissed allegations against all other defendants, pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Finally, the court noted that generally, domestic relations matters fall outside federal jurisdiction.
 
 
 7
 On September 30, 1993, a separate judgment was entered dismissing Buchanan's action. Buchanan timely appeals. Having jurisdiction under 28 U.S.C. Sec. 1291, we affirm.
 
 II
 Claims Against State Actors
 
 8
 Buchanan contends that the district court erroneously dismissed his claims against the state judges and commissioners on the ground that adequate remedies exist under state law.
 
 
 9
 "[O]verlapping state remedies are generally irrelevant to the question of the existence of a cause of action under Sec. 1983." Zinermon v. Burch, 494 U.S. 113, 124 (1990). Nonetheless, where a procedural due process claim is raised, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." Id. at 125-26. If pre-deprivation process is impracticable, even an intentional, unauthorized deprivation of property or liberty by a state employee will not constitute a due process violation provided that "a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); accord Zinermon, 494 U.S. at 131-32. A pre-deprivation process is impracticable where the loss results from an unauthorized act of the state employee and not from established state procedure. Zinermon, 494 U.S. at 129.
 
 
 10
 Buchanan alleges that he was denied procedural due process because of the unauthorized acts committed by state employees, including the state judges, commissioners, Ron Bodey (court process server), and Susan H. Bruland (family court investigator). Washington's relevant tort claims provisions, Wash.Rev.Code Secs. 4.92.090 and 4.96.010, provide a damages remedy to persons who have suffered from the tortious conduct of the state or its political subdivisions. Given the existence of Washington's meaningful post-deprivation remedy, Buchanan can allege no set of facts that would entitle him to relief under this theory. Hudson, 468 U.S. at 533.
 
 III
 
 11
 Buchanan contends that the district court erroneously dismissed his remaining claims against the state judges and commissioners on the ground of absolute immunity.
 
 
 12
 Judges and those acting in judicial capacities are absolutely free from liability for damages for acts performed in their official capacities. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quotations omitted); see also, Ashelman, 793 F.2d at 1078.
 
 
 13
 Buchanan seeks damages for alleged civil rights violations based on a series of disagreements he had regarding the process and outcome of numerous determinations made by the defendant judges and commissioners. For instance, Buchanan alleges that, by affirming State Commissioner Stewart's decision to award custody of Buchanan's children to Suzanne Buchanan, defendant Larry E. McKeeman, Superior Court Judge for the State of Washington for Snohomish County, failed to "establish the most important ingredient of the law concerning the person who was the primary home parent" and thus, "acted outside his judicial capacity in denying equal rights."
 
 
 14
 Similarly, Buchanan alleges that defendant Ardon J. Bedle, Snohomish County Family Court Commissioner, acted outside his judicial capacity and violated Buchanan's civil rights by awarding Suzanne Buchanan the piano as part of the disposition of property and by refusing to change the amount of child support awarded. The decisions made by the judges and commissioners are precisely the sort of activities protected by judicial immunity. Ashelman, 793 F.2d at 1078.
 
 
 15
 Buchanan's claim of conspiracy among the state judges and commissioners also fails. "[A]llegations that a conspiracy produced a certain decision should no more pierce the actor's immunity than allegations of bad faith, personal interest or outright malevolence." Ashelman, 793 F.2d at 1078. The district court properly dismissed Buchanan's claims against defendant judges and commissioners on the basis of absolute immunity.
 
 IV
 Claim against Private Actors
 
 16
 Buchanan contends that the district court erred in dismissing his Secs. 1983, 1985, 1986 claims against Diane K. Storm, Jean Cook, Suzanne L. Buchanan, John D. Meyer, Douglas B. Marsh, and Thomas A. Gish for failure to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6).
 
 
 17
 We review de novo the district court's dismissal of a complaint under Fed.R.Civ.P. 12(b)(6). Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987). "To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes." Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988), quoting, Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986), cert. denied, 479 U.S. 1054 (1987) (quotations omitted). A private individual's actions may be "under color of state law" where there is significant state involvement in the action, Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir.1991) (per curiam), citing, Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.1983), such that the private defendant's alleged infringement of the plaintiff's federal rights is "fairly attributable to the State." West v. Atkins, 487 U.S. 42, 49 (1988), quoting, Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).
 
 
 18
 Buchanan avers that defendant Diane K. Storm provided the family court investigator assigned to the Buchanans' case with false information. There is no case law to suggest that a private decision to provide a state official with allegedly false information transforms one into a state actor. Rather, the Supreme Court has stated that "a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State." Blum v. Yaretsky, 457 U.S. 991, 1004 (1982).
 
 
 19
 Buchanan alleges that defendant Jean Cook, Suzanne Buchanan's psychologist, made "uncomplimentary remarks" about Buchanan which contributed to his alienation from his children. Cook's action, likewise, does not implicate state action.
 
 
 20
 Buchanan alleges that Suzanne Buchanan provided inaccurate information to both her employer and the court and failed to meet court orders regarding visitation. Similarly, these actions are private decisions and do not implicate state action.
 
 
 21
 Buchanan avers that defendants Suzanne Buchanan and John Meyer carried on an adulterous relationship and that Meyer's conduct helped bring about the Buchanans' divorce. The defendants' alleged actions are clearly devoid of any state involvement.
 
 
 22
 Finally, Douglas Marsh and Thomas Gish, who served as private attorneys for Suzanne Buchanan, did not act under color of state law and did not violate Sec. 1983. The district court properly dismissed Buchanan's Sec. 1983 claims against all of the private defendants.
 
 
 23
 Section 1985(2) has two clauses, the first of which concerns access to federal courts and does not apply to Buchanan. In order to state a cause of action under the second clause, which concerns access to "state or territorial" courts, Buchanan must allege that the individuals were motivated by class-based animus. See Portman v. Santa Clara, 995 F.2d 898, 909 (9th Cir.1993). "It is well-settled that the 'equal protection' language of the second clause of section 1985(2) [requires] an allegation of class-based animus for the statement of a claim under that clause." Id. at 909, quoting, Bretz v. Kelman, 773 F.2d 1026, 1029 (9th Cir.1985). Divorced fathers seeking custody of their children do not form a protected class under Sec. 1985. Humphrey v. Court of Common Pleas, 640 F.Supp. 1239, 1243 (M.D.Pa.1986).
 
 
 24
 Buchanan avers that Suzanne Buchanan and her attorneys, Marsh and Gish, violated Sec. 1985(2) by threatening and intimidating him and effectively denying him access to court. However, Buchanan presents no evidence that the alleged intimidation was motivated by the fact that he was a member of a protected class. Buchanan fails to state a valid claim under Sec. 1985(2). Portman, 995 F.2d at 909.
 
 
 25
 The Supreme Court has recently stated that to prove a Sec. 1985(3) conspiracy, a plaintiff must show:
 
 
 26
 (1) that some racial or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action, and (2) that the conspiracy aimed at interfering with rights that are protected against private, as well as official, encroachment. Bray v. Alexandria Women's Health Clinic, 113 S.Ct. 753, 758 (1993) (quotations and citations omitted).
 
 
 27
 Buchanan alleges that Suzanne Buchanan conspired with defendants, Marsh, Gish, Storm, Cook, and Meyer to deprive him of his civil rights. Buchanan, however, does not specify any facts to support his claim, does not indicate the motivation behind the conspiracy, and fails to state the rights of which he is deprived. Most importantly, Buchanan does not suggest that the alleged conspirators were motivated to deprive him of his civil rights by some racial or otherwise class-based animus. Thus, even if the district court had allowed Buchanan leave to amend his claim, he would not be able to make out a cause of action under Sec. 1985(3).
 
 
 28
 Because a claim can be stated under Sec. 1986 only if the complaint contains a valid claim under Sec. 1985, Karim-Panahi, 839 F.2d at 626, the district court's dismissal of Buchanan's Sec. 1986 claims against Suzanne Buchanan and her attorney, Douglas Marsh, was also proper.
 
 V
 
 29
 Finally, Buchanan contends that the district court erred by dismissing his complaint sua sponte without a hearing.
 
 
 30
 A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6) without notice where the claimant cannot possibly win relief. Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.1987), citing, Wong v. Bell, 642 F.2d 359, 361-62 (9th Cir.1981). In general, before dismissing a pro se civil rights complaint for failure to state a claim, a district court must give a pro se litigant leave to amend her complaint and a statement of the complaint's deficiencies. Karim-Panahi, 839 F.2d at 623-24. Leave to amend is not required, however, where it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Id. at 623.
 
 
 31
 Here, it is clear that Buchanan could not cure the deficiencies of his complaint by amendment, thus, leave to amend is not required. Karim-Panahi, 839 F.2d at 623. In any case, the district court issued an order requiring Buchanan to show cause as to why his complaint should not be dismissed and provided an opportunity for Buchanan to respond. Contrary to Buchanan's assertion, a further hearing is not required. We affirm the district court's Rule 12(b)(6) dismissal.
 
 
 32
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The defendants in the instant action are: Suzanne Lee Buchanan, Buchanan's ex-wife; Thomas A. Gish, Suzanne Buchanan's first attorney; Douglas Breck Marsh, Suzanne Buchanan's second attorney; Lester H. Stewart, Snohomish County Family Court Commissioner; Arden J. Bedle, Snohomish County Family Court Commissioner; Susan Bruland, Snohomish County Family Court Investigator; Diane K. Storm, Suzanne Buchanan's friend; Jean Cook, Suzanne Buchanan's psychologist; Larry E. McKeeman, Snohomish County Superior Court Judge; Greg Iverson, Snohomish County Commissioner; Joseph A. Thibodeau, Snohomish County Superior Court Judge; Joan Sullivan, "Acting Pro Temp Judge"; Ron Body, court process server; and John D. Meyer, Suzanne Buchanan's friend