### Carolyn FIGALORA, Plaintiff,

### v.

### Valerie SMITH, Officer Banks, Patrick Ryan, Paul Howard, and Stanley Taylor, Defendants.

### No. CIV.A.02–01348–SLR.

United States District Court,
D. Delaware.

Oct. 21, 2002.

---

Carolyn Figalora, Dover, DE, pro se.

## MEMORANDUM ORDER

SUE L. ROBINSON, District Judge.

Plaintiff Carolyn Figalora, SBI # 318796, a *pro se* litigant, was incarcerated at the Baylor Women's Correctional Institution ("BWCI") located in New Castle, Delaware at the time she initiated this action. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

## I. STANDARD OF REVIEW

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Reviewing complaints filed pursuant to 28 U.S.C.

§ 1915 is a two-step process. First, the court must determine whether plaintiff is eligible for pauper status. On August 1, 2002, the court granted plaintiff leave to proceed *in forma pauperis* and ordered her to pay $9.85 as an initial partial filing fee within thirty days from the date the order was sent. Plaintiff paid $9.85 on August 27, 2002.

Once the pauper determination is made, the court must then determine whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).[1] If the court finds plaintiff's complaint falls under any of the exclusions listed in the statutes, then the court must dismiss the complaint.

■ When reviewing complaints pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1), the court must apply the standard of review set forth in Fed.R.Civ.P. 12(b)(6). *See Neal v. Pennsylvania Bd. of Probation and Parole,* No. 96–7923, 1997 WL 338838 (E.D.Pa. June 19, 1997)(applying Rule 12(b)(6) standard as appropriate standard for dismissing claim under § 1915A). Accordingly, the court must "accept as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996). *Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief.'" *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)(quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

■ The standard for determining whether an action is frivolous is well established. The Supreme Court has explained that a complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).[2] As discussed below, plaintiff's Eighth Amendment claim against defendant Smith has no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1). Plaintiff's vicarious liability claim against defendants Ryan, Howard and Taylor also has no arguable basis in law or in fact, and shall be dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1). Plaintiff's First Amendment claim shall be dismissed without prejudice. Finally, plaintiff's Eighth Amendment claim against defendant Banks is not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)–

---

1. These two statutes work in conjunction. Section 1915(e)(2)(B) authorizes the court to dismiss an *in forma pauperis* complaint at any time, if the court finds the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. Section 1915A(a) requires the court to screen prisoner complaints seeking redress from governmental entities, officers or employees before docketing, if feasible and to dismiss those complaints falling under the categories listed in § 1915A (b)(1).

2. *Neitzke* applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA). Section 1915(e)(2)(B) is the redesignation of the former § 1915(d) under the PLRA. Therefore, cases addressing the meaning of frivolousness under the prior section remain applicable. *See* § 804 of the PLRA, Pub.L.No. 14–134, 110 Stat. 1321 (April 26, 1996).

1915A(b)(1) and an appropriate order shall be entered.

## II. DISCUSSION

### A. The Complaint

■ Plaintiff alleges that defendant Smith entered her dorm room while plaintiff was sleeping and poured hot water on her. (D.I. 2 at 3) Plaintiff alleges that she suffered second and third degree burns to her face and neck. Plaintiff further alleges that she notified "several of the officers" including defendant Banks and Officer Hurley that defendant Smith was threatening her.[3] Plaintiff also alleges that her son was not allowed to take pictures of her injuries, even though there is a camera available in the BWCI visiting room. (*Id.*) Plaintiff requests that she be awarded compensatory damages. She also requests early release from confinement. To the extent that plaintiff seeks release, such relief is only available through a petition for writ of habeas corpus. *See Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Plaintiff has also filed a letter motion requesting that the court not release her home address to defendant Smith. (D.I.4) Because the court finds that plaintiff's claim against defendant Smith is frivolous, the motion shall be denied as moot.

### B. Analysis

### 1. Plaintiff's Eighth Amendment Claims

■ In order to impose liability on a defendant under § 1983, plaintiff must show that defendant Smith acted under color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988) (citing *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981))(overruled in part, not relevant

here, by *Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)). Defendant Smith is a fellow inmate and plaintiff does not allege that she acted in conjunction with any state employee. Furthermore, plaintiff's description of the assault indicates that it was private conduct which is not actionable under § 1983. *See District of Columbia v. Carter,* 409 U.S. 418, 424, 93 S.Ct. 602, 34 L.Ed.2d 613 (1973); *Stufflet v. Frame,* No. 86–5178, 1986 WL 13297 (E.D.Pa. Nov. 20, 1986). Plaintiff's claim that defendant Smith violated her Eighth Amendment right to be free from cruel and unusual punishment has no arguable basis in law or in fact. Therefore, plaintiff's Eighth Amendment claim against defendant Smith is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A (b)(1).

■ However, plaintiff also alleges that she notified defendant Banks that she was being threatened by Smith and defendant Banks did nothing to protect her. The court finds that plaintiff's Eighth Amendment claim against defendant Banks is not frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1) and an appropriate order shall be entered.

### 2. Vicarious Liability

■ Supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Dep't of Social Services of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Rizzo v. Goode,* 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks,*

---

**3.** Plaintiff has not named Officer Hurley as a       defendant in this action.

885 F.2d 1099, 1118 (3d Cir.1989)(citing *City of Canton v. Harris*, 489 U.S. 378, 389, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Here, plaintiff does not raise any specific allegations regarding defendants Ryan, Howard, or Taylor. Rather, plaintiff implies that these defendants are liable simply because of their supervisory positions. (D.I. 2 at 2)

■ Nothing in the complaint indicates that these defendants were the "driving force [behind]" defendant Banks's inaction, or that they were aware of plaintiff's allegations regarding Smith and remained "deliberately indifferent" to her plight. *Sample v. Diecks*, 885 F.2d at 1118. Consequently, to the extent that plaintiff is alleging defendants Ryan, Howard and Taylor are vicariously liable for defendant Banks's constitutional tort, her claim has no arguable basis in law or in fact. Therefore, plaintiff's vicarious liability claim against defendants Ryan, Howard and Taylor is frivolous and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

### 3. Plaintiff's First Amendment Claim

■ Plaintiff alleges that "[w]hen my son came to visit me at WCI a couple of days later they would not allow him to take pictures. A camara [sic] has been kept in [the] visiting room before and after the inccident [sic]. Pictures are $2.00 for 1 picture and $5.00 for 3 pictures." (D.I. 2 at 3) Construing the plaintiff's complaint broadly, it appears that she is alleging unnamed defendants interfered with her First Amendment right to access the courts by refusing to allow her son to take her picture to document her injuries. However, there is no indication in the complaint about who actually prevented the pictures from being taken. Consequently, this claim shall be dismissed without prejudice for lack of specificity. *See Darr v.*

*Wolfe*, 767 F.2d 79, 80 (3d Cir.1985) (collecting cases).

NOW THEREFORE, at Wilmington this 21st day of October, 2002, IT IS HEREBY ORDERED that:

1. Plaintiff's letter motion (D.I.4) requesting that the court withhold her address from defendant Smith is DENIED as moot.

2. Plaintiff's Eighth Amendment claim against defendant Smith is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

3. Plaintiff's vicarious liability claim against defendants Ryan, Howard and Taylor is DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)–1915A(b)(1).

4. Plaintiff's First Amendment claim is DISMISSED WITHOUT PREJUDICE for lack of specificity.

IT IS FURTHER ORDERED that:

1. The clerk of the court shall cause a copy of this order to be mailed to plaintiff.

2. Pursuant to Fed.R.Civ.P. 4(c)(2) and (d)(2), Plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal–285" form for defendant Banks, as well as for the Attorney General of the State of Delaware, pursuant to DEL. CODE ANN. tit. 10 § 3103(c). Failure to submit this form may provide grounds for dismissal of the lawsuit pursuant to Fed. R.Civ.P. 4(m).

3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the complaint (D.I.2), the letter motion (D.I.4), this memorandum order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed

"Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R.Civ.P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed.R.Civ.P. 4(d)(3), a defendant, who before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date on which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form is sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel. The clerk of the court is instructed not to accept any such document unless accompanied by proof of service.