Daryle L. PITTS, Appellant

v.

George W. HAYMAN, Acting Commissioner, N.J. Department of Corrections; Ronald H. Cathel, Administrator, N.J. State Prison; Michelle R. Ricci, Associate Administrator, N.J. State Prison; Donald Mee, Jr., Assistant Superintendent, N.J. State Prison; Allan B. Martin, Physician, CMS, Inc.; J. Bethea, Nurse Ombudsman, CMS, Inc.; Lawrence Donkor, Physician, CMS, Inc.; Grace Melendez, Physician, CMS, Inc.; Arlene Tinker, Physician, CMS, Inc.; Correctional Medical Services, Inc., CMS, Inc., Health Care Provider, N.J. State Prison.

No. 08–2556.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 9, 2009.

Filed: Sept. 10, 2009.

---

H. Justin Park, Esq., Nancy Winkelman, Esq., Schnader Harrison Segal & Lewis, Philadelphia, PA, for Appellant.

Keith S. Massey, Jr., Esq., Office Of Attorney General of New Jersey, Trenton, NJ, for George Hayman, Ronald H. Cathel, Michelle R. Ricci, Donald Mee.

Sean X. Kelly, Esq., Marks, O'Neill, O'Brien & Courtney, Pennsauken, NJ, for J. Bethea, Corr. Med Ser., Nurse Ombudsman, CMS, Inc., Lawrence Donkor, Allan B. Martin, Grace Melendez, Arlene Tinker.

Before: SCIRICA, Chief Judge, RENDELL and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

RENDELL, Circuit Judge.

Daryle Pitts appeals from the order of the District Court dismissing his complaint under FED.R.CIV.P. 12(b)(6). Pitts, an inmate at the New Jersey State Prison in Trenton, New Jersey, alleged that he was denied necessary medical treatment while in prison. He filed a complaint *pro se*, asserting claims under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights under the U.S. Constitution; violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794; and various claims under New Jersey tort law. Without providing Pitts an opportunity to amend his complaint, the District Court dismissed Pitts's federal claims under FED.R.CIV.P. 12(b)(6).[1]

"[T]his court has consistently held that when an individual has filed a complaint under § 1983 which is dismissable [sic] for lack of factual specificity, he should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint and that denial of an application for leave to amend under these circumstances is an abuse of discretion." *Shane v. Fauver,* 213 F.3d 113, 116 (3d Cir.2000) (quoting *Darr v. Wolfe,* 767 F.2d 79, 81 (3d Cir.1985)). If a plaintiff fails to request leave to amend in such a circumstance, the court must inform him that he may amend his complaint within a specific time period, unless amendment would be futile. *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

In the present case, the District Court dismissed Pitts's complaint because it failed to plead allegations with the requisite specificity. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The District Court reasoned that Pitts failed to allege that the named defendants were personally responsible for denying him treatment, and that the acts or omissions were severe enough to offend "evolving standards of decency." The District Court also noted that Pitts failed to name the New Jersey Department of Corrections as a defendant—since it is the department, not its employees, that receives federal funds—and failed to specify which of his conditions constitutes a disability under the ADA. We conclude that these are technical pleading errors readily addressed in an amended complaint. This is especially true here, where plaintiff obtained counsel after filing his original complaint.

---

1. The District Court had jurisdiction under 28 U.S.C. § 1331. We exercise appellate juris-diction pursuant to 28 U.S.C. § 1291.

Because the District Court should have provided Pitts with leave to amend his complaint before granting the motion to dismiss, we will VACATE the order of the District Court and REMAND the case, instructing the District Court to grant Pitts leave to amend his complaint under FED.R.CIV.P. 15(a).[2]

2. We need not address Pitts's alternative contention—that his original complaint complies with FED.R.CIV.P. 8(a)—as we conclude that he is entitled to file an amended complaint, and we assume that newly appointed counsel would desire to do so.