CLD-275                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1572
_____

DERRICK L. FOSTER,
                                                    Appellant

v.

WARDEN JEFFREY S. RALEIGH; WARDEN JERRY C. MARTINEZ;
A.D. TOLLACKSON; UNIT MANAGER GREGG BRADY; ROBERT A. ADAMS;
J. CHOPICK, Brady-B Counselor; C. SNYDER, Brady-A Counselor; A. GARUTT,
Brady Unit Secretary; LEROY FUMAN, Case Management Coordinator;
ELLAIN FREY, Supervisor of Records; OTHER UNKNOWN NAMED AGENTS OR
EMPLOYEES AT FCI ALLENWOOD; WARDEN DAVID J. EBBERT;
ASSOC. WARDEN JEFFREY S. RALEIGH; ASSOC. WARDEN FRANK LARA;
ASSOC. WARDEN R. MARQUES; ASST WARDEN JULIE A. NICKLIN;
FMR. 1 & 2 UNIT MGR RICK LAVELLA; UNIT 1 & 2 MGR MR. PRAYTOR;
UNIT 1 A COUNSELOR JUDGE SIMMONS; UNIT 1 A CASE MGR AMY FOURA;
1 A & B UNIT SEC. DENISE KLAPP; SECRETARY DARLENE PARKER;
MR. CASTAGNOLA, Fmr Case Mgmt Coord.; LINDA STOVER, Supervisor of
Records; OTHER UNKNOWN NAMED AGENTS OR EMPLOYEES AT FCI
ALLENWOOD MEDIUM; DIRECTOR OF JAILORS HARLEY G. LAPPIN; UNITED
STATES DEPT OF JUSTICE; FEDERAL BUREAU OF PRISONS;
OTHER UNKNOWN AGENTS OR EMPLOYEES AT THE NORTHEAST
REGIONAL OFFICE; CENTRAL REGIONAL OFFICE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:10-cv-01804)
District Judge:  Honorable A. Richard Caputo
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 25, 2011

Before: RENDELL, FUENTES and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 27, 2011)
_____

OPINION
_____

PER CURIAM

Derrick Foster, a federal prisoner proceeding pro se, appeals from the District Court's order dismissing his amended complaint with prejudice. For the reasons that follow, we will summarily affirm.

I.

In August 2010, Foster filed a complaint in the District Court against the Bureau of Prisons ("BOP") and a host of other known and unknown defendants. A few days after the complaint was filed, the District Court, acting sua sponte, directed Foster to file an amended complaint. In doing so, the court observed that his complaint was "a largely incomprehensible document," and that "it is completely unclear what actions [the defendants] are alleged to have taken, and when they are alleged to have taken those actions." (Dist. Ct. Mem. and Order of Aug. 30, 2010, at 1, 10.)

On October 1, 2010, the District Court received Foster's amended complaint. That pleading, which specifically named only four defendants — the Director of the BOP, two

BOP wardens, and one acting BOP warden[1] — identified Foster's claims as follows:

1. Plaintiff on AUG. 5, 2008 filed an Administrative Remedy at the LOW Security Institution Inmate Challenge to Information of the State referral overto the Federal referral seeking reliefs of immediate discharge/release with prejudice and just compensations.

2. Plaintiff is unbeknownst in the Administrative Remedy on AUG. 8, 2008 LSCI's ACTING WARDEN JEFFREY S. RALEIGH retaliatorial acts with conspirators entered Falsifications on a EMS-409.051 form, raised Custody Level from 8 to a Score 16 and TRANSFERED to MEDIUM Custody.

3. Plaintiff is to no avail with ANY UNIT TEAM MEMBERS and VARIOUS STAFF (same) both at the LSCI and FCI ALLENWOOD COMPLEX(ES) where ALL FAILED TO INTERVENE NOR CORRECT INACCURATE FBOP RECORDS NOR IMPARTIALLY INVESTIGATE CHALLENGES IN THE LEGALITIES OF THE STATE REFERRAL case no.[]cr402843[](Dec. 13, 2000) which gave rise to the FEDERAL REFERRAL Case No.[]1:01CR183[](Apr. 18, 2001).

(Am. Compl. 2.)

On October 20, 2010, the United States Magistrate Judge assigned to the case issued a report recommending that the District Court dismiss the amended complaint with prejudice for failure to state a claim. On December 22, 2010, the District Court adopted the Magistrate Judge's report and dismissed Foster's amended complaint with prejudice, concluding that further amendment "would be futile because Mr. Foster's claims are

---

[1] Although the amended complaint did include "et al." in the case caption, it is unclear whether Foster intended that phrase to refer to all of the remaining defendants from his original complaint.

3

unintelligible, and he appears to lack the capacity to file comprehensible pleadings."
(Dist. Ct. Mem. of Dec. 22, 2010, at 6.)  This appeal followed.[2]

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of Foster's amended complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citation omitted).  Mere "labels and conclusions" or "naked assertions devoid of further factual enhancement" will not suffice.  Id. (quotation marks and citations omitted).  Although a district court generally must afford a plaintiff an opportunity to amend a deficient complaint before dismissing it, leave to amend need not be granted where amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

In this case, the allegations in Foster's amended complaint border on being unintelligible and, at best, amount to nothing more than vague, conclusory assertions.

---

[2] On or about January 13, 2011, Foster filed objections to the District Court's December 22, 2010 order.  See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that prisoner's submission was deemed filed on the date he gave it to prison authorities for forwarding to the court). Although that filing was improperly docketed as an objection to the Magistrate Judge's report, the District Court ultimately construed it as a motion for reconsideration of its order.  The court denied that motion on March 8, 2011 (although that order referred to a docket entry number that did not correspond to the motion for reconsideration, it is clear from the text of the order that the court was denying Foster's request for reconsideration).  Because Foster filed his notice of appeal before the District Court entered the March 8, 2011 order, the notice is timely and became effective on that date.  See Fed. R. App. P. 4(a)(4)(B)(i).  We note that Foster does not challenge the March 8, 2011 order here.

Although Foster attached several administrative filings and other material to his amended complaint, most of those documents appear unrelated to the claims in the amended complaint, and those documents that *might* be related suffer from the same flaws as the amended complaint itself. Accordingly, we agree with the District Court's decision to dismiss Foster's amended complaint. Furthermore, given that (1) the District Court had previously afforded Foster an opportunity to amend his claims, and (2) his various filings in the District Court seem to reflect an inability to submit coherent, intelligible pleadings, we cannot conclude that the District Court erred in dismissing the amended complaint with prejudice.

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. Foster's motion to modify the Clerk's July 6, 2011 order, which sets forth the filing fee payment schedule for this appeal, is denied. To the extent Foster's undated letter to the Clerk, received on August 22, 2011, and/or his "Argument in Support of Appeal" request any relief from this Court, those requests are denied.