*AMENDED GLD-074                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4057
_____

MICHAEL R. SIGMON,
                                                        Appellant

v.

JOHNS HOPKINS HOSPITAL, et al.
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 11-00177)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 22, 2011

Before:  FUENTES, GREENAWAY, JR., and STAPLETON, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  January 31, 2012)
_____

OPINION
_____

PER CURIAM

        Pro se appellant Michael Sigmon appeals the District Court's order dismissing his

complaint.[1]  We have jurisdiction pursuant to 28 U.S.C. § 1291 and exercise plenary

_____

[1] The District Court stated that it was dismissing the complaint pursuant to Rule 12(b)(6)

1

review over the District Court's order.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  For the reasons discussed below, we will summarily vacate the District Court's order and remand for further proceedings.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

On May 13, 2011, Sigmon filed a pro se complaint along with a motion to proceed in forma pauperis (IFP).  The complaint, although lacking certain essential information, appears to raise a state law claim of medical malpractice against Johns Hopkins Hospital.[2]  Sigmon apparently litigated this claim before a state administrative agency in Maryland and, after receiving an adverse judgment, filed a federal complaint.

The District Court granted Sigmon's request to proceed IFP but dismissed the complaint, stating that "his allegations 'amount to nothing more than vague, conclusory assertions' which are insufficient to state a claim for relief."  Op. at 1 (quoting Foster v. Raleigh, No. 11-1572, 2011 WL 4454169, at *2 (3d Cir. Sept. 27, 2011)).  Sigmon then filed this appeal.

We agree with the District Court that, as drafted, the complaint fails to state a claim on which relief may be granted.  To avoid dismissal, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  The complaint "must not be 'so

---

of the Federal Rules of Civil Procedure.  However, the complaint had not yet been served on the defendant; in this Circuit, a "district court cannot sua sponte dismiss a complaint under Rule 12(b)(6) before service of process."  Oatess v. Sobolevitch, 914 F.2d 428, 430 (3d Cir. 1990).  We therefore conclude that the District Court intended to dismiss the complaint under 28 U.S.C. § 1915(e).  See generally Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995).

[2] Sigmon alleged federal jurisdiction based on diversity of citizenship.

undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by [Fed. R. Civ. P. 8].'" Umland v. PLANCO Fin. Servs., Inc., 542 F.3d 59, 64 (3d Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).  Sigmon's complaint fails to state, for instance, who committed malpractice, when the malpractice occurred, what precisely happened, or how he was injured. Therefore, we discern no error in the District Court's conclusion that the complaint is deficient.

Nevertheless, prior to dismissing a pro se complaint under § 1915(e), a district court must give the plaintiff an opportunity to amend his pleading to cure the defect unless such an amendment would be futile or prejudicial.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  Here, the District Court did not address whether an amendment would be appropriate; we have recognized that, in cases like this one, where a complaint is subject to dismissal "'for a lack of factual specificity, [plaintiff] should be given a reasonable opportunity to cure the defect, if he can, by amendment of the complaint.'"  Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000) (quoting Darr v. Wolfe, 767 F.2d 79, 81 (3d Cir. 1985)).  Thus, while we express no view as to whether Sigmon will ultimately plead a meritorious claim, we conclude that the District Court erred in dismissing the complaint without providing leave to amend.[3]

We will therefore summarily vacate the District Court's order dismissing the case

---

[3] We likewise express no opinion as to whether other defenses, such as claim preclusion or lack of personal jurisdiction, will prove available.  We note that Sigmon has also filed in this Court a motion to compel discovery responses and for a default judgment.  We deny this motion without prejudice to Sigmon's right to re-file it upon remand in the District Court.

and remand for further proceedings consistent with this opinion.